## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| PETER B. <br> (True Name And Address Classified) <br> c/o Mark S. Zaid, PC <br> 1920 N Street, N.W. <br> Suite 300 <br> Washington, D.C. 20036 <br><br> Plaintiff, <br><br> v. <br><br> CENTRAL INTELLIGENCE AGENCY <br> Washington, D.C. 20505 <br><br> and <br><br> MARGARET PEGGY LYONS <br> 9500 Quail Pointe Ln, Apt L <br> Fairfax Station, VA 22039-3317 <br><br> and <br><br> DOES #1-10 <br><br> Defendants. | Civil Action No. 06-_____ |

## COMPLAINT

Plaintiff Peter B. brings this action against defendant Central Intelligence Agency ("CIA"), Margaret Peggy Lyons and Does #1-10 pursuant to the Federal Declaratory Judgment Act, 28 U.S.C. § 2201, the Administrative Procedure Act, 5 U.S.C. § 701 et seq., the All Writs Act, 28 U.S.C. § 1651, the CIA's internal regulations and the U.S. Constitution.

## JURISDICTION

1. This Court has jurisdiction over this action pursuant to 5 U.S.C. § 702 and 28 U.S.C. § 1331.

## VENUE

2. Venue is appropriate in the District under 5 U.S.C. § 703 and 28 U.S.C. § 1391.

## PARTIES

3. Plaintiff Peter B. was formerly affiliated with the CIA in a covert status. His true identity and past services are known to the defendants.

4. Defendant CIA is an agency as defined by 5 U.S.C. § 701.

5. Defendant Margaret Peggy Lyons was a former supervisor of Peter B. who either acted illegally or outside of her scope of employment to retaliate against Peter B. She is now an overt senior employee of the CIA and currently on loan to the Director of National Intelligence John Negroponte. On July 15, 2006, *Time Magazine* reported that Ms. Lyons, whose husband Donald Keyser recently pled guilty to felony charges relating to an espionage investigation, had known that her husband had improperly kept classified documents at home, and that she had done the same.

6. Does #1-#10 are either unknown and/or covert officials of the CIA who also either acted illegally or outside of their scope of employment to retaliate against Peter B.

## FACTS

7. In the early 1990s, Peter B. entered into a covert operational relationship with the CIA. The exact nature of his employment status in this relationship is in dispute.

8. Peter B. asserts that at a certain point in the 1990s he became a full staff employee possessive of all constitutional, statutory and regulatory rights as any other CIA federal

2

employee. This would include, among other things, the usual rights, privileges and benefits that are accorded federal employees.

9. The CIA asserts Peter B. was some sort of independent contractor whose relationship with the government can be terminated at its convenience. It further claims documentation is in its possession that supports its position but it refuses to reveal the information.

10. During the course of his relationship with the CIA, Peter B. incurred approximately $30,000 - $40,000 worth of operational expenses for which he was never reimbursed. These expenses were incurred under specific instructions of the CIA and proper receipts were submitted.

11. On or about October 3, 2002, Peter B.'s relationship was formally terminated by the CIA. At no time, despite multiple requests, has he ever been told the reason(s) for his termination other than for the "convenience of the government."

12. Upon information and belief, Margaret Peggy Lyons and Does #1-#10 took steps based on their own personal reasons to unlawfully and/or unethically ensure Peter B.'s relationship with the CIA was terminated. This included, but was not limited to, the dissemination of false information concerning Peter B.

13. As a result of the CIA's actions Peter B. was abandoned at his domestic post, where he had been required to live by the CIA in order to receive a specific assignment, and forced to incur significant expenses that exceeded $15,000.

14. Peter B.'s CIA sponsored health insurance and Cobra was terminated by the CIA in or around September 2002 despite continued payment of his premiums.

15. The actions that led to the circumstance above were undertaken by the CIA through the conduct of Lyons and Does #1-#10. These actions were of a personal nature, unlawful and/or retaliatory.

16. Peter B. was never provided any administrative remedies to challenge the CIA's actions to terminate his employment which, as a federal employee, he was entitled to pursue. This included, but was not limited to, the ability to appeal the CIA's decision to the Personnel Evaluation Board. Alternatively, even as a contractor, Peter B. was entitled to have the CIA follow specific regulations governing termination.

17. Up to the date of the filing of this case and continuing, Peter B. has made numerous efforts to administratively resolve these disputes. In attempting to do so he has incurred more than $35,000 in out-of-pocket expenses that he otherwise would not be responsible for had the CIA acted lawfully.

**FIRST CAUSE OF ACTION**
**(DECLARATORY JUDGMENT, APA)**

18. Peter B. repeats and realleges the allegations contained in paragraphs 1 through 17 above, inclusive.

19. In the early 1990s, Peter B. entered into a covert operational relationship with the CIA. The exact nature of his employment status in this relationship is in dispute.

20. At a certain point in the 1990s Peter B. became a full staff employee possessive of all constitutional, statutory and regulatory rights as any other CIA federal employee. This include with respect to, among other things, the usual rights, privileges and benefits that are accorded federal employees.

21. The CIA asserts Peter B. was some sort of independent contractor whose relationship with the government can be terminated at its convenience. It further claims documentation is in its possession that supports its position but it refuses to reveal the information.

22. Peter B. was entitled to all rights, benefits and privileges accorded to federal employees who work for the CIA. That included, but was not limited to, the ability to appeal a termination determination to the CIA's Personnel Evaluation Board.

23. Due to the CIA's misclassification of Peter B.'s employment status, the CIA's action to terminate his employment in the manner it did was unlawful. Additionally, the CIA's misclassification of Peter B's employment status was arbitrary, capricious, an abuse of discretion, contrary to constitutional right, power, privilege, or immunity, in excess of statutory jurisdiction, authority, or limitations, or short of statutory right, without observance of procedure required by law, unsupported by substantial evidence and unwarranted by the facts thereby causing Peter B. to suffer legal wrongs under the Administrative Procedures Act.

24. The CIA's actions caused Peter B. significant emotional, professional and economic harm.

**SECOND CAUSE OF ACTION**
**(APA/U.S. CONSTITUTION – DENIAL OF DUE PROCESS IN**
**TERMINATION OF FEDERAL EMPLOYEE)**

25. Peter B. repeats and realleges the allegations contained in paragraphs 1 through 17 above, inclusive.

26. In the early 1990s, Peter B. entered into a covert operational relationship with the CIA.

27. At a certain point in the 1990s Peter B. became a full staff employee possessive of all constitutional, statutory and regulatory rights as any other CIA federal employee. This include with respect to, among other things, the usual rights, privileges and benefits that are accorded federal employees.

28. On or about October 3, 2002, Peter B.'s employment with the CIA was terminated. At no time, despite multiple requests, has he ever been told the reason(s) for his termination other than for the "convenience of the government."

29. The CIA failed to accord Peter B. any due process and denied him any administrative rights that federal employees in the employ of the CIA must be provided before their employment is terminated. This included, but was not limited to, the ability to challenge this termination before a Personnel Evaluation Board.

30. The CIA, its officers and employees, to include but not limited to, Mary Margaret Lyons and Does #1-#10, committed and undertook actions that were arbitrary, capricious and/or an abuse of discretion pertaining to Peter B., took actions that were unwarranted by the facts, unsupported by substantial evidence, in violation of internal regulations and federal statutes, contrary to constitutional right, power, privilege, or immunity, or in excess of statutory jurisdiction, authority, or limitations, or short of statutory right thereby causing Peter B. to suffer legal wrongs under the Administrative Procedures Act.

31. The CIA's actions caused Peter B. significant emotional, professional and economic harm.

## THIRD CAUSE OF ACTION
## (APA/U.S. CONSTITUTION – DENIAL OF DUE PROCESS IN TERMINATION OF CONTRACTOR)

32. Peter B. repeats and realleges the allegations contained in paragraphs 1 through 17 above, inclusive.

33. In the early 1990s, Peter B. entered into a covert operational relationship with the CIA.

34. The CIA asserts Peter B. was some sort of independent contractor whose relationship with the government can be terminated at its convenience. It further claims documentation is in its possession that supports its position but it refuses to reveal the information.

35. On or about October 3, 2002, Peter B.'s employment with the CIA was terminated allegedly for the convenience of the government. At no time, despite multiple requests, has he ever been told the reason(s) for his termination other than for the "convenience of the government."

36. The CIA is not permitted, notwithstanding any contractual language to the contrary, to violate Peter B.'s Constitutional, statutory or regulatory rights.

37. The CIA inappropriately terminated Peter B.'s relationship in violation of CIA regulations and the U.S. Constitution. This constituted a final agency decision. The CIA does not possess absolute discretion in terminating contractors without either good cause or an opportunity for a hearing.

38. The CIA, its officers and employees, to include but not limited to, Mary Margaret Lyons and Does #1-#10, committed and undertook actions that were arbitrary, capricious and/or an abuse of discretion pertaining to Peter B., took actions that were unwarranted

by the facts, unsupported by substantial evidence, in violation of internal regulations and federal statutes, contrary to constitutional right, power, privilege, or immunity, or in excess of statutory jurisdiction, authority, or limitations, or short of statutory right thereby causing Peter B. to suffer legal wrongs under the Administrative Procedures Act.

39. The CIA's actions caused Peter B. significant emotional, professional and economic harm.

### FOURTH CAUSE OF ACTION
### (APA – FAILURE TO FOLLOW REGULATIONS OR STATUTES)

40. Peter B. repeats and realleges the allegations contained in paragraphs 1 through 17 above, inclusive.

41. In the early 1990s, Peter B. entered into a covert operational relationship with the CIA.

42. Peter B. asserts that at a certain point in the 1990s he became a full staff employee possessive of all constitutional, statutory and regulatory rights as any other CIA federal employee. This would include, among other things, the usual rights, privileges and benefits that are accorded federal employees.

43. The CIA asserts Peter B. was some sort of independent contractor whose relationship with the government can be terminated at its convenience. It further claims documentation is in its possession that supports its position but it refuses to reveal the information.

44. On or about October 3, 2002, Peter B.'s employment with the CIA was terminated. At no time, despite multiple requests, has he ever been told the reason(s) for his termination other than for the "convenience of the government."

45. Regardless of whether Peter B. was a staff employee or some sort of contractor his termination from the CIA violated regulations and/or statutes.

46. Regardless of whether Peter B. was a staff employee or some sort of contractor the failure of the CIA to reimburse him approximately $30,000 - $40,000 worth of operational expenses that he incurred under specific instructions of the CIA and for which he submitted proper receipts violated CIA regulations and/or statutes.

47. Regardless of whether Peter B. was a staff employee or some sort of contractor the CIA's abandonment of him at his domestic post, where he had been required to live by the CIA in order to receive a specific assignment, which forced him to incur significant expenses that exceeded $15,000 violated CIA regulations and/or statutes.

48. Regardless of whether Peter B. was a staff employee or some sort of contractor the actions of the CIA to cancel his sponsored health insurance and Cobra despite the fact he had continued payment of his premiums violated CIA regulations and/or statutes.

49. The CIA, its officers and employees, to include but not limited to, Mary Margaret Lyons and Does #1-#10, committed and undertook actions in violation of internal regulations and federal statutes thereby causing Peter B. to suffer legal wrongs under the Administrative Procedures Act.

50. The CIA's actions caused Peter B. significant emotional, professional and economic harm.

## FIFTH CAUSE OF ACTION
## (NAME CLEARING HEARING)

51. Peter B. repeats and realleges the allegations contained in paragraphs 1 through 17 above, inclusive.

52. Peter B. asserts that at a certain point in the 1990s he became a full staff employee

possessive of all constitutional, statutory and regulatory rights as any other CIA federal employee. This would include, among other things, the usual rights, privileges and benefits that are accorded federal employees.

53. The CIA asserts Peter B. was some sort of independent contractor whose relationship with the government can be terminated at its convenience. It further claims documentation is in its possession that supports its position but it refuses to reveal the information.

54. On or about October 3, 2002, Peter B.'s relationship was formally terminated by the CIA. At no time, despite multiple requests, has he ever been told the reason(s) for his termination other than for the "convenience of the government."

55. The CIA is not permitted, notwithstanding any contractual language to the contrary, to violate Peter B.'s Constitutional rights, as set forth by the Constitution of the United States.

56. Upon information and belief, the CIA, through the actions of Margaret Peggy Lyons and/or Does #1-#10, unlawfully and/or unethically caused Peter B.'s relationship with the CIA to be terminated. This included through, but was not limited to, the dissemination of false and defamatory impressions about Peter B. throughout certain divisions of the CIA that effectively stigmatized him.

57. Upon information and belief, the CIA, through the actions of its officials and employees including Margaret Peggy Lyons and/or Does #1-#10 conspired to seriously damage or destroy Peter B.'s good name which led to his termination.

58. The CIA improperly, unlawfully and unconstitutionally terminated Peter B.'s employment.

59. Despite repeated requests for the reasons underlying the CIA's behavior, none were ever provided. As no opportunity was ever provided Peter B. for an opportunity to refute any allegations made against him or clear his name, he is entitled to a name-clearing hearing and a written decision arising therefrom.

60. Peter B. has suffered actual adverse and harmful effects, including, but not limited to, mental distress, emotional trauma, embarrassment, humiliation, and lost or jeopardized present or future financial opportunities.

WHEREFORE, Peter B. requests that the Court award him the following relief:

(1) Declare that as of a date certain Peter B. was a staff employee of the CIA entitled to all rights, privileges and benefits afforded federal employees;

(2) Declare that the CIA violated the Administrative Procedure Act, its internal regulations and/or statutes governing Peter B's termination as either a staff employee or contractor;

(3) Declare that the CIA violated the Administrative Procedure Act, its internal regulations and/or statutes by its failure to reimburse certain out-of-pocket operational expenses and cancellation of his health insurance and Cobra, as well as its causing Peter B. to incur moving and other expenses associated with the termination or his challenges to the CIA's actions;

(4) Require the CIA to rescind its termination decision and afford Peter B. appropriate due process;

(5) Require the CIA to reimburse Peter B. for all associated expenses to resolve these disputes;

(6) Award Peter B. the costs of the action and reasonable attorney fees under the Equal Access to Justice Act or any other applicable law; and

(7) grant such other relief as the Court may deem just and proper.

Date:   September 15, 2006

                              Respectfully submitted,

                              /s/

                              _____

                              Mark S. Zaid, Esq.
                              D.C. Bar #440532
                              Mark S. Zaid, PC
                              1920 N Street, N.W.
                              Suite 300
                              Washington, D.C.  20036
                              (202) 454-2809

                              Attorney For Plaintiff