UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| PETER B.,<br><br>    Plaintiff,<br><br>    v.<br><br>CENTRAL INTELLIGENCE AGENCY,<br>et al.,<br><br>    Defendants. | Civil Action No. 1:06CV01652 (RWR) |

**MOTION TO DISMISS OR TRANSFER**

Pursuant to Fed. R. Civ. P. 12(b)(3) and 28 U.S.C. § 1406(a), defendant Central Intelligence Agency, by and through its undersigned counsel, respectfully moves to dismiss this action or transfer it to the Eastern District of Virginia because venue is not proper in the District of Columbia. Alternatively, defendant requests that this action be transferred to the Eastern District of Virginia pursuant to 28 U.S.C. § 1404(a). Pursuant to Local Rule 7(m), defendant consulted with plaintiff's counsel regarding this motion, and plaintiff opposes the motion.

Respectfully submitted,

PETER D. KEISLER
Assistant Attorney General

JEFFREY A. TAYLOR
United States Attorney

SUSAN K. RUDY
Assistant Branch Director

s/Marcia K. Sowles
MARCIA K. SOWLES, DC Bar No. 369455

Senior Counsel
United States Department of Justice
Civil Division, Federal Programs Branch
20 Massachusetts Avenue N.W. Room 7114
Washington, D.C. 20530
Tel.: (202) 514- 4960
Fax: (202) 616- 8470
E-mail: marcia.sowles@usdoj.gov

Attorneys for CIA

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| PETER B. )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>CENTRAL INTELLIGENCE AGENCY, )<br>et al., )<br>)<br>Defendants. )<br>)<br>_____ ) | Civil Action No. 1:06CV01652 (RWR) |

**MEMORANDUM IN SUPPORT OF DEFENDANT CIA'S MOTION TO DISMISS OR TO TRANSFER**

**INTRODUCTION**

Plaintiff Peter B. filed this action against the Central Intelligence Agency ("CIA"), a CIA employee – Margaret Peggy Lyons, and ten unnamed defendants, which he claims are either "unknown and/or covert officials at the CIA." Complaint, ¶¶ 4-6.[1] In his complaint, plaintiff alleges that he is a former covert employee of the CIA and that his employment was unlawfully terminated on October 3, 2002. He claims that, regardless of whether he was a staff employee or a contract employee, his termination violated the due process clause and unspecified statutes and regulations because CIA did not provide him any reason for the termination other than for the "convenience of the government" and failed to provide him an opportunity to challenge the termination.

This action should be dismissed or transferred to the Eastern District of Virginia pursuant

---

[1] Neither Ms. Lyons nor any of the Doe defendants have been served with process. Therefore, this motion is filed on behalf of the CIA.

to Fed. R. Civ. P. 12(b)(3) and 28 U.S.C. § 1406. Venue is not proper in the District of Columbia under 28 U.S.C. § 1391(e) because plaintiff does not reside in the District, the defendant agency does not reside in the District, and plaintiff does not allege that the events giving arise to his claims occurred in the District. Accordingly, this Court should grant defendant's motion to dismiss or transfer.

## ARGUMENT

**I.    VENUE IS NOT PROPER IN THIS COURT.**

Plaintiff bears the burden of establishing that venue is proper. S. K. Varna v. Gutierrez, 421 F. Supp.2d 110, 113 (D.D.C. 2006). In his complaint, plaintiff alleges that this Court has venue under 28 U.S.C. § 1391. Complaint, ¶ 2.[2] While plaintiff does not allege which subpart of § 1391 his allegation of venue is based upon, Section 1391(e) is clearly the applicable subpart. Section 1391(e) provides that:

> A civil action in which a defendant is an officer or employee of the United States or any agency thereof acting in his official capacity or under color of legal authority, or an agency of the United States, or the United States may, except as otherwise provided by law, be brought in any judicial district in which (1) a defendant in the action resides, (2) a substantial part of the events or omissions giving rise to the claim occurred . . . or (3) the plaintiff resides . . .

28 U.S.C. § 1391(e). Venue in the District of Columbia cannot be established under any of these

---

[2] Plaintiff also alleges that venue is proper in the District pursuant to 5 U.S.C. § 703. While Section 703 mentions venue in its heading, the provision does not in fact address venue. Instead, this provision simply states that an action against a government agency may be filed in "a court of competent jurisdiction." See also H.R. Rep. No. 1980, 79th Cong., 2d Sess. 42 (1945) ("The section does not alter venue provisions under existing law, whether in connection with specially provided statutory review or the so-called nonstatutory or common law actions."). Accordingly, plaintiff cannot rely on 5 U.S.C. § 703 to establish venue.

three provisions.

First, plaintiff cannot establish venue under § 1391(e)(1). While many federal agencies reside in the District of Columbia, the CIA does not reside in the District.[3] The CIA headquarters is located in Langley, Virginia, which is in the Eastern District of Virginia. The CIA is, therefore, a resident of the Eastern District of Virginia.[4] See S. K. Varma v. Gutierrez, 421 F. Supp.2d at 114 (quoting In re Munson, No. 03-5034, 2003 WL 21396874, at *1 (D.C. Cir. June 12, 2003)) (applying § 1391(e) and holding that "[b]ecause the [United States Patent and Trademark Office's] principal office is located in the Eastern District of Virginia, the PTO's residence is deemed to be in the Eastern District of Virginia"); Donnell v. Nat'l Guard Bureau, 568 F. Supp. 93, 94-95 (D.D.C. 1983) (notwithstanding a District of Columbia mailing address, the National Guard Bureau is located at the Pentagon in Virginia). See also Saran v. Harvey, No. Civ. A. 04-1847 9JDB0, 2005 WL 1106347 *2 (D.D.C. May 9, 2005) (Army and Secretary of Army as defendants are deemed to reside in Arlington, VA for venue purposes).

While this Court previously concluded that the Director of Central Intelligence, who was also the CIA Director, resided in the District of Columbia because of the nature of his duties, Doe v. Casey, 601 F. Supp. 581, 584 (D.D.C. 1985), rev'd on other grounds, 796 F.2d 1508 (D.C. Cir. 1986), that case is distinguishable. The Director is not a defendant in this case; rather the agency

---

[3] In amending the venue statute regarding actions against government officials and agencies to refer to the defendant's residence, Congress recognized that while most agency heads have their official residence in the District of Columbia, there were a "few exceptions." S. Rep. No. 1192, 87th Cong., 2d Sess., reprinted at 1962 U.S.C.A.A.N. at 2784.

[4] Plaintiff does not allege that any of the other defendants reside in the District of Columbia. Indeed, the caption of the complaint lists defendant Margaret Peggy Lyons as a resident of Fairfax Station, Virginia. In any case, Ms. Lyons and other unnamed individual defendants have not been served with process.

is the defendant. Nor is there any allegation that the Director took part in any of the events at issue. Moreover, the DCI's duties were significantly altered with the passage of the National Security Intelligence Reform Act of 2004 ("NSIRA"), 50 U.S.C. §§ 401 et seq., and this change in duties undermines the applicability of the Doe v. Casey. Prior to 2004, the DCI was "head of the intelligence community" as well as the "head of the [CIA]." 50 U.S.C. § 403-3(c) and (d) (2003). In his role as head of the intelligence community, he was a member of the President's Cabinet and the National Security Council, and regularly reported to Congress on intelligence matters. See 50 U.S.C. §§ 403, 403-1, 413a (2003). NSIRA transferred a large portion of the DCI's responsibilities to the newly-created DNI. The DNI is currently the head of the intelligence community, with the CIA Director as a subordinate. 50 U.S.C. § 403a(b) (Supp. 2006). The DNI now performs all of the duties and fills all the positions that were the impetus for venue in Doe v. Casey. 50 U.S.C. §§ 403, 403-1, 413a (Supp. 2006). The CIA Director's current duties revolve around the day-to-day operation of the CIA in its collection and dissemination of information. 50 U.S.C. § 403-4a(d) (Supp. 2006). The principal office for these duties are at CIA headquarters, in Langley, Virginia. Therefore, since the duties which formed the basis for the court holding in Doe v. Casey are no longer true, the CIA should not be deemed to reside in the District of Columbia.

In Casey, the district court also noted that the DCI had an office in the District of Columbia. However, the mere presence of an office in a district does not mean that an agency resides there. See Reuben H. Donnelly v. Federal Trade Commission, 580 F.2d 264 (7th Cir. 1978); Caremark Therapeutic Services v. Leavitt, 405 F. Supp.2d 454, 463 (S.D.N.Y. 2005); Davies Precision Machining, Inc. v. Defense Logistics Agency, 825 F. Supp. 105, 107 (E.D. Pa.

1993); Donnell v. Nat'l Guard Bureau, 568 F. Supp. at 94-95.  For example, Reuben H. Donnelly v. Federal Trade Commission, in the district court had found that venue was proper in the Northern District of Illinois because the Federal Trade Commission maintained a regional office in Chicago.  580 F.2d 266.  The Court of Appeals reversed finding that "[t]here is nothing in the statute or its legislative history which suggests that Congress . . . sought to allow a federal agency to be sued *eo nomine* wherever it may maintain an office."  Id. at 267.  As the court explained, "if Congress intended that a federal agency could be sued wherever it was 'doing business' it could have easily expressed that intention by adopting language similar to that in subsection (c)."  Id. at 267 n. 5.  Thus, the mere presence of an office for the CIA Director does not mean that either the Director or the CIA resides in the District of Columbia.

Second, plaintiff cannot establish venue under § 1391(e)(2).  Plaintiff does not allege that any of the events, much less "a substantial part of the events," giving rise to the claim occurred in the District of Columbia.  To the extent that he alleges that his supervisor resides in the Eastern District of Virginia and since the CIA resides in the Eastern District of Virginia, it may be reasonably to assume that the challenged termination decision was made in the Eastern District of Virginia.

Third, plaintiff also cannot rely on § 1391(e)(3) because he does not allege that he resides in the District of Columbia.  While plaintiff does not allege where he resides in this complaint, in another case, he alleged that he "presently resides in Foreign Country B and maintains a residence in the State of New York."  Complaint, ¶ 1, in Peter B. v. United States of America,

Civil Action No. 05-2189 (RWR) (filed Nov. 7, 2005).[5]

Because neither the plaintiff nor CIA resides in the District of Columbia and none of the significant events giving rise to his claim occurred there, venue is not proper. When as here, where venue is improper, a court should either dismiss the case or transfer it to a district in which it could have been brought. 28 U.S.C. § 1406. As noted above, this case should be transferred to the Eastern District of Virginia.

## II.   EVEN IF VENUE WERE PROPER, THIS CASE SHOULD BE TRANSFERRED TO THE EASTERN DISTRICT OF VIRGINIA PURSUANT TO 28 U.S.C. § 1404.

Even if venue were proper in the District of Columbia, transfer is appropriate under 28 U.S.C. § 1404(a). Under that section, "[f]or the convenience of the parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district where it might have be brought." 28 U.S.C. § 1404(a). In evaluating whether a transfer is convenient and in the interest of justice, courts have considered the following factors:

> (1) the plaintiff's choice of forum, unless the balance of the balance of convenience is strongly in favor of the defendants; (2) the defendants' choice of forum; (3) whether the claim arose elsewhere; (4) the convenience of the parties; (5) the convenience of the witnesses of plaintiff and defendant, but only to the extent that the witnesses may actually be unavailable for trial in one of the fora; and (6) the case of access to sources of proof.

McClamrock v. Ely Lilly & Co., 267 F. Supp.2d 33, 37 (D.D.C. 2003) (quoting Trout Unlimited v. USDA, 944 F. Supp. 13, 16 (D.D.C. 1996).

Analysis of these factors shows that it is overall in the interest of the parties to transfer to

---

[5] Regardless of the propriety of venue in this other case, a defendant that waives venue in one case is not precluded from raising venue in other cases. See Talent Tree Crystal, Inc. v. DRG, 2005 WL 3312554 *6 (W.D. Mich. 2005). This is particularly true here since the defendant in the referenced other case is not the CIA but the United States.

the Eastern District of Virginia. As explained above, plaintiff does not reside in the District of Columbia. Nor does plaintiff allege that any of the events giving arise to plaintiff's claim occurred in the District of Columbia. Thus, the District of Columbia has no meaningful tie to the controversy. Whereas courts usually give deference to plaintiff's choice of forum, deference to plaintiff's choice of forum "is lessened when plaintiff's forum choice lacks meaningful ties to the controversy and [has] no particular interest in the parties or the subject matter." Southern Utah Wilderness Alliance v. Norton, 315 F. Supp. 2d 82, 86 (D.D.C. 2004) (internal quotation marks and citation omitted). Accord Brannen v. Nat'l R.R. Passenger Corp., 403 F. Supp. 2d 89, 93 (D.D.C. 2005); Devaughn v. Inphonic, Inc., 403 F. Supp. 2d 68, 72 (D.D.C. 2005); Kotan v. Pizza Outlet, Inc., 400 F. Supp. 2d 44, 49 (D.D.C. 2005); McClamrock v. Eli Lily & Co., 267 F. Supp. 2d at 36.

Accordingly, this action should be transferred to the Eastern District of Virginia where the defendant CIA resides and where it would appear from the complaint that the actions giving rise to plaintiff's complaint occurred.

## CONCLUSION

For the above stated reasons, this Court should grant defendant's motion and either dismiss the case or transfer it to the Eastern District of Virginia.

Respectfully submitted,

PETER D. KEISLER
Assistant Attorney General

JEFFREY A. TAYLOR
United States Attorney

SUSAN K. RUDY
Assistant Branch Director

s/Marcia K. Sowles
MARCIA K. SOWLES, DC Bar No. 369455
Senior Counsel
United States Department of Justice
Civil Division, Federal Programs Branch
20 Massachusetts Avenue N.W.  Room 7114
Washington, D.C.  20530
Tel.: (202) 514- 4960
Fax: (202) 616- 8470
E-mail:  marcia.sowles@usdoj.gov

Attorneys for CIA

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

PETER B.,                              )
                                       )
    Plaintiff,                        )
                                       )
    v.                                )   Civil Action No. 1:06CV01652 (RWR)
                                       )
CENTRAL INTELLIGENCE AGENCY,           )
    et al.,                           )
                                       )
    Defendants.                       )
                                       )
_____)

ORDER

Upon consideration of defendant Central Intelligence Agency's motion to dismiss or to transfer and plaintiff's opposition there to, it is hereby

**ORDERED** that defendant's motion to dismiss is **granted**; it is further

**ORDERED** that this action is dismissed under Fed. R. Civ. P. 12(b)(3).

_____                                    _____
Date                                               UNITED STATES DISTRICT JUDGE

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| PETER B.,<br><br>　Plaintiff,<br><br>　v.<br><br>CENTRAL INTELLIGENCE AGENCY,<br>　et al.,<br><br>　Defendants. | Civil Action No. 1:06CV01652 (RWR) |

ORDER

Upon consideration of defendant Central Intelligence Agency's motion to dismiss or to transfer and plaintiff's opposition there to, it is hereby

**ORDERED** that defendant's motion is **granted**; it is further

**ORDERED** that this action is transferred to the Eastern District of Virginia.

_____                                              _____
Date                                                                                  UNITED STATES DISTRICT JUDGE